1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MATHEW DRAKE,                              No.  2:19-cv-1214 TLN CKD P

12                    Petitioner,

13        v.                                    FINDINGS AND RECOMMENDATIONS

14   SCOTT A. FRAUENHEIM,

15                    Respondent.

16

17          Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas

18   corpus under 28 U.S.C. § 2254.  Following a Sacramento County jury trial which ended on

19   February 22, 2016, petitioner was found guilty of first-degree murder and was eventually

20   sentenced to 51-years-to-life imprisonment.  ECF No. 15-2 at 144-146.  Petitioner raises a single

21   claim of ineffective assistance of counsel arising under the Sixth Amendment.  For the reasons

22   which follow, the court recommends that petitioner's application for a writ of habeas corpus be

23   denied.

24   I.  Background

25          On direct appeal, the California Court of Appeal summarized the evidence presented at

26   trial as follows:

27              At the time of her murder on April 22, 2014, [Fallon] Boroja lived in
               a Sacramento house with housemates, including Jharen Frye and
28             John Whalen.  Defendant had previously been a housemate.  On the

                                              1

night of her murder, Boroja arrived home accompanied by defendant and a current housemate who had just moved in; Frye noticed that all of them were drunk. Defendant and Boroja remained in the living room alone, hugging. Later that evening, Frye went to the living room, but no one was there. Whalen, who was in his own room, heard banging on the walls. Fifteen to 30 minutes later, he went into Boroja's room to ask for a cigarette. The door was slightly open. He found Boroja face down in a pool of blood with a towel over the back of her head. He called 911.

Police arrived at 8:20 p.m., a few minutes after the dispatch call. Boroja was dead with a big metal lockbox next to her. Boroja had four fractures to her head and neck area, five fractures to her ribs, and cuts and abrasions up and down her body. She died of blunt force injuries of the neck and head.

Defendant was suspected of killing Boroja. The next morning at 7:45, police found him on a street pushing a bicycle. He accurately identified himself and did not slur his words. Police took him downtown to the police station for an interview. At the beginning of his first interview, he said he had been jumped by two men and kidnapped. Later in the interview, however, he admitted he had been in Boroja's room with her where she asked him if he wanted to have sex. He said, " 'All right,' " but then "she started . . . gettin' all mad," "treating [him] like crap" and told him, " 'I'm gonna fuckin' kill you.' " That is when she threw the metal lockbox at him. Defendant "swatted it out [of] her hand," which caused the lockbox to land on her head and make her bleed. Boroja was "knocked out." But she was still alive, and defendant "heard a lot of gargling." He could tell "she was suffering," so he hit her over the head four times with the metal lockbox "because [he] didn't want to see her suffer." Defendant is bipolar and schizophrenic and suffers from depression and seizures.

Two days later, police interviewed defendant again. He said Boroja gave him a Xanax pill on the way to her house. They tried to have sex, but he could not achieve an erection because of the pill. Boroja "started shouting and she was all upset" and threw the lockbox at him. He swatted it, it hit her, and she fell down. She was bleeding and "out of it," and he knew "they would have to put her on life support," so he "hit her over the head with the [lockbox] . . . four times . . . because [he] didn't want to see her suffer."

Sometime after his arrest, defendant had in his bloodstream 6.8 nanograms per milliliter of Xanax and 44 nanograms per milliliter of Delta-9-THC, which is the primary active component in marijuana. That amount of Xanax was below the bottom end of the therapeutic range. There was no testimony on the effect of the Delta-9-THC.

ECF No. 15-7 at 2-3.

The Court of Appeal affirmed petitioner's conviction and sentence. Id. at 7. Petitioner petitioned the California Supreme Court for review of the Court of Appeal's decision and the

2

1  petition was denied.  ECF 15-10 & 11.  The claim presented here was presented to California

2  courts on collateral review.

3  II.  Standards of Review Applicable to Habeas Corpus Claims

4         An application for a writ of habeas corpus by a person in custody under a judgment of a

5  state court can be granted only for violations of the Constitution or laws of the United States.  28

6  U.S.C. § 2254(a).  A federal writ of habeas corpus is not available for alleged error in the

7  interpretation or application of state law.  See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v.

8  McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.2d 1146, 1149 (9th Cir. 2000).

9         Title 28 U.S.C. § 2254(d) sets forth the following limitation on the granting of federal

10  habeas corpus relief:

11         An application for a writ of habeas corpus on behalf of a person in
      custody pursuant to the judgment of a State court shall not be granted
12         with respect to any claim that was adjudicated on the merits in State
      court proceedings unless the adjudication of the claim –
13

14         (1) resulted in a decision that was contrary to, or involved an
      unreasonable application of, clearly established federal law, as
15         determined by the Supreme Court of the United States;

16         or

17         (2) resulted in a decision that was based on an unreasonable
      determination of the facts in light of the evidence presented in the
18         State court proceeding.

19         The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different,

20  as the Supreme Court has explained:

21         A federal habeas court may issue the writ under the "contrary to"
      clause if the state court applies a rule different from the governing
22         law set forth in our cases, or if it decides a case differently than we
      have done on a set of materially indistinguishable facts.  The court
23         may grant relief under the "unreasonable application" clause if the
      state court correctly identifies the governing legal principle from our
24         decisions but unreasonably applies it to the facts of the particular
      case.  The focus of the latter inquiry is on whether the state court's
25         application of clearly established federal law is objectively
      unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362
26         (2000)] that an unreasonable application is different from an
      incorrect one.

27

28  Bell v. Cone, 535 U.S. 685, 694 (2002).

3

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011). Here, the only reasoned decision addressing petitioner's claim was issued by the Superior Court of Sacramento County. ECF No. 15-17.

The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

III. Petitioner's Claim

Petitioner asserts he was denied effective assistance of counsel in violation of the Sixth Amendment when his trial counsel failed to move to suppress his confession:

> The warrantless search of defendant's cellphone was unreasonable, making the evidence of GPS location illegally obtained, and its use to coerce defendant to change his story during interrogation from a denial he was at murder scene to admitting he was there was improper, his trial attorney provided ineffective assistance of counsel by failing to have the interrogation suppressed. See Riley v. California (2014) 134 S. Ct. 2473, U.S. Const. 4th and 6th Amendments, California Const. Article 1, Section 13.[1]

ECF No. 1 at 9.

---

[1] The court notes that a direct attempt by petitioner to challenge, on Fourth Amendment grounds, evidence obtained from his cellphone or additional evidence obtained as a result of the evidence on the cell phone would be barred by the Supreme Court's decision in Stone v. Powell, 428 U.S. 465 (1976). There, the Court held "that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. at 494 (footnotes omitted).

4

In <u>Riley v. California</u>, 573 U.S. 373, 401 (2014), the Supreme Court held an arrest does not provide a basis for a warrantless search of the content on an arrestee's cellphone.

The Superior Court of Sacramento County addressed petitioner's claim, in part, as follows:

> [P]etitioner's crime was committed on April 22, 2014, and he was arrested for the crime shortly thereafter, apparently that same day. It was not until two months later, on June 25, 2014, that the United States Supreme Court decided <u>Riley</u>. At the time of petitioner's arrest, the California Supreme Court decision in <u>People v. Diaz</u> (2011) 51 Cal.4th 84 governed in California, allowing cell phone searches conducted incident to arrest. As <u>Diaz</u> was the prevailing law at that time petitioner alleges that the police searched his cell phone that they allegedly seized upon his arrest, the police had a good faith belief at the time that such a search was not violative of the Fourth Amendment. In such a situation, the good faith exception to the exclusionary rule applies. "[S]earches conducted in objectively reasonable reliance on binding appellate precedent are not subject to the exclusionary rule." (<u>Davis v. U.S.</u>, (2011) 564 U.S. 229). . . Since a suppression motion would not have succeeded on <u>Riley</u> grounds, petitioner fails to show that his trial defense counsel was ineffective in not bringing such a suppression motion.

ECF 15-17 at 2-3.

The Superior Court of Sacramento County's rejection of petitioner's ineffective assistance of counsel claim is not contrary to Supreme Court precedent, it does not involve an unreasonable application of Supreme Court precedent and it is not based upon an unreasonable determination of the facts. The Superior Court was correct that at the time petitioner's cell phone was searched cell phones could be searched incident to an arrest in California pursuant to <u>Diaz</u>, and correct regarding the applicability of the good faith exception to the exclusionary rule recognized in <u>Davis</u>. Accordingly, habeas relief is precluded under 28 U.S.C. § 2254(d).

Also, petitioner admits he was on parole when he was arrested and that one of the conditions of his parole was that all property under his control was subject to a search without a warrant by any law enforcement officer. ECF No. 1 at 37. In <u>U.S. v. Johnson</u>, 875 F.3d 1265, 1275 (9th Cir. 2017), the Ninth Circuit upheld a similar search provision as a condition of parole in finding that the warrantless search of a parolee's cell phone did not violate the Fourth Amendment. As petitioner fails to point to anything suggesting a warrantless search of his cell phone pursuant to parole conditions violated the Fourth Amendment, petitioner again fails to

demonstrate any motion to suppress regarding the contents of the search would have been successful.  Therefore, the prejudice petitioner has to demonstrate to be successful on his ineffective assistance of counsel claim, <u>Strickland v. Washington</u>, 466 U.S. 668, 693 (1984), is not present.

Likewise, for the reasons identified above, petitioner's suggesting in his petition that counsel on direct appeal was ineffective for failing to assert a violation of the Fourth Amendment (ECF No. 1 at 8) lacks a showing of prejudice.

IV.  <u>Conclusion</u>

For all of the foregoing reasons, the court will recommend that petitioner's petition for a writ of habeas corpus be denied, and this case be closed.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for a writ of habeas corpus (ECF No. 1) be denied; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  <u>See</u> Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the

/////

/////

/////

/////

/////

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 25, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
drak1214.157